IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER LEE COLE,

    Petitioner,                      No. CIV S-06-0850 MCE GGH P

    vs.

ROBERT A. HOREL, Warden, et al.,

    Respondents.                   ORDER

_____/

        Petitioner, proceeding pro se, has attempted to file a petition pursuant to 28 U.S.C. §2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner was convicted of one count of murder in October 6, 1983 (Cal. Penal Code § 187), and sentenced to fifteen years to life plus two years as an enhancement for use of a gun. Form Petition, p. 2. In addition to Warden Horel, petitioner names as respondents: Warden C. D. Brown; (former) Acting Secretary Jeanne S. Wooford; Mary Sweigert at CSP Solano; Chief of Inmate Appeals N. Grannis; Facility Captain S. Ortiz/Appeals Examiner S. Ortiz; Solano Appeals Coordinator S. Cervantes. Petitioner sets forth a cacophony of grounds for relief

some apparently directed at the underlying conviction and sentence, some evidently directed at one or more parole hearings in which petitioner has been denied parole, some claims that appear to sound only, if at all, in an action brought pursuant to 42 U.S.C. § 1983.

Petitioner includes as his (twelve) 12 grounds for relief that: 1) he has been subjected to punishment in violation of the doubly jeopardy clause; 2) his federal due process rights are being violated by CDC/BPT state administrative regulations; 3) he is an African American whose sentence for second degree murder violates his equal protection rights; 4) Evidence used by the CDC/BPT and state courts is falsified and manufactured in violation of due process; 5) he is subjected to invidious discrimination by state administrative agencies; 6) he is subjected to a "sham" process and sham pleadings by the state in violation of his federal due process rights; 7) his sentence has been "transmogrified" by state administrative agencies; 8) he is being deprived of his due process and equal protection rights to a "single term"; 9) his prison term has been increased by grounds 1 through 8 unlawfully in violation of his federal constitutional rights; 10) petitioner's state constitutional rights have been violated by state agencies' refusal to enforce state laws; 11) he has been deprived of his protected liberty interest in being released after serving 15 years for second degree murder in compliance with Cal. Penal Code § 190 and with application of one-third credits to reduce his prison term; 12) his prison term combined with his second degree murder sentence is illegal in violation of his state and federal constitutional rights.

Petitioner's potpourri of claims, to the extent that they set forth cognizable grounds, do not pointedly challenge exclusively either his conviction/sentence or any particular parole denial. See Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts. If petitioner intends to challenge his underlying conviction/sentence, any such habeas application should be (or should have been - see 28 U.S.C. § 2244(d)) filed in the United States District Court for the Central District of California. While both this Court and the United States District Court in the district where petitioner was convicted have jurisdiction, see Braden

1  v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), any and all witnesses and evidence necessary
2  for the resolution of petitioner's application are more readily available in Los Angeles County.
3  Id. at 499 n.15; 28 U.S.C. § 2241(d).  Any grounds challenging the underlying
4  conviction/sentence will therefore be dismissed, without prejudice.
5           To the extent petitioner intends to challenge the constitutionality of a specific
6  denial of parole at a particular parole suitability hearing, petitioner has failed altogether to
7  identify any such hearing in his petition.  Petitioner's claims directed toward a parole denial will
8  be dismissed but he will be granted leave to amend.
9           If petitioner intends to challenge the constitutionality of the state's parole
10 procedures, he may do so by filing an action pursuant to 42 U.S.C. § 1983.  See Wilkinson v.
11 Dotson, 544 U.S. 74, 125 S. Ct. 1242, 1248  (2005).
12          Should petitioner seek to amend this petition to challenge a particular parole
13 denial, he must make that clear by setting forth the specific parole hearing he is challenging and
14 the grounds upon which he claims any parole denial was constitutionally defective.   If petitioner
15 intends to challenge the application of time credits to his sentence and seeks re-computation of
16 his sentence, he must amend his petition to set such a challenge forth specifically.  See Preiser v.
17 Rodriguez, 411 U.S. 475, 93 S. Ct. 1827 (1973).  Petitioner must focus his habeas challenge,
18 however, and may not roll a myriad of vaguely based habeas claims into one confusing litany of
19 grounds for relief against his prison confinement generally.
20          In accordance with the above, IT IS HEREBY ORDERED that:
21          1.  Petitioner's application to proceed in forma pauperis is granted; and,
22 \\\\\
23 \\\\\
24 \\\\\
25 \\\\\
26 \\\\\

1  2. The petition is dismissed with leave granted for petitioner to file an amended petition, in conformity with the guidelines set forth above, within thirty (30) days; failure to do so will result in a recommendation of dismissal of this action.

DATED: 6/28/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cole0850.ord