IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER LEE COLE,

    Petitioner,                     No. CIV S-06-0850 MCE GGH P

    vs.

ROBERT A. HOREL, Warden, et al.,

    Respondents.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, proceeding pro se, has filed an application pursuant to 28 U.S.C. §2254. Pending before the court is respondent's motion to dismiss, filed on December 7, 2006, to which petitioner filed his opposition on January 4, 2007.

        This action is proceeding on an amended petition, filed on July 11, 2006.[1] Petitioner was convicted of one count of second degree murder in October 6, 1983 (Cal. Penal Code § 187), and sentenced to fifteen years to life plus two years as an enhancement for use of a gun. Amended Petition, pp. 1., 4. Petitioner claims that CDCR[2] has "restated" his sentence to be a life term, using the "invidious classification of lifer," refusing to apply his earned good

---

[1] Petitioner's original petition, filed on April 20, 2006, was dismissed with leave to amend. See Order, filed on June 28, 2006.

[2] California Department of Corrections and Rehabilitation.

1

behavior and work-participation credits to reduce his state prison term imposed under Cal. Penal Code § 190, the applicable statute for a second degree murder conviction in 1983. AP, pp. 4-5. He contends that none of the state courts have accorded him his federal or state constitutional due process or equal protection rights by failing to afford petitioner an evidentiary hearing. Id. Petitioner asserts that he has already served his sentence and seeks his release in accordance with the 1983 Cal. Penal Code §§ 2930-2935 and § 190. AP, p. 9. He includes the staff response to his inmate grievance, wherein he was informed, inter alia, that he had already received the 1/3 credits under Cal. Penal Code § 2931, that his Minimum Eligible Parole Date (MEPD) was June 24, 1994, and that the Board of Prison Terms (now Board of Parole Hearings) will determine when petitioner will be released. AP, pp. 9. 13. Petitioner claims that the 1/3 credits should have been applied to reduce his 15-year prison term. AP, p. 10.

Motion to Dismiss

Respondent moves for dismissal on the ground that this court lacks subject matter jurisdiction because the petition does not raise a cognizable federal claim. Motion to Dismiss (MTD), pp. 1, 6-8. Alternatively, respondent maintains that even if the court considers petitioner's claims, petitioner is not entitled to relief because respondent has correctly calculated petitioner's conduct credits and the Board has the sole authority in granting petitioner parole. MTD, p. 6.

Respondent sets forth the specific application of conduct credits to which petitioner was entitled under Cal. Penal Code § 2931. MTD, p. 3. On January 3, 2005, CDCR performed a credit calculation to determine petitioner's MEPD, noting October 14, 1983, as the beginning date for the determinate portion of petitioner's 15-year-to-life sentence, plus two years for the firearm enhancement, crediting petitioner with 485 days of pre- and post-sentence credits. Id.[3] Under Cal. Penal Code § 2931, respondent avers, petitioner was entitled to conduct credits

---

[3] According to respondent, before the earned credits were applied, the earliest date petitioner could have started his life term was June 16, 1984. MTD, p. 3.

1  in the amount of eighty-two days, one-third of the 246 days that he served between October 14,
2  1983, and June 16, 1984. Id. With the application of the eighty-two days, it was calculated that
3  petitioner would begin his life term on March 26, 1984, at the earliest possible date. MTD, p. 3.
4  Sixty days were added to the determinate term due to lost conduct credits arising from prison
5  misconduct by petitioner. Id. Thus, petitioner's life term was calculated to have started on May
6  25, 1984. Id.

7  Before calculating his MEPD, according to respondent, CDCR staff noted that
8  May 25, 1999, was the earliest date on which petitioner could have been released on parole.
9  MTD, p. 4. Petitioner did not credit petitioner with pre- or post-sentence credits because those
10 had already been applied toward his determinate term, respondent contends, but did calculate the
11 conduct credits to which he was entitled under Cal. Penal Code § 2931, 1826 days, which is one-
12 third of the 5478 days petitioner served between May 25, 1984, and May 25, 1999. Id. Adding
13 30 days due to lost conduct credit because of misconduct in prison, petitioner's MEPD was
14 calculated as having been June 24, 1994.

15 Respondent contends that under Cal. Penal Code § 190, under which petitioner
16 concedes that he was sentenced, the Board is not required to fix a convicted murderer's term until
17 he has been found suitable for parole. MTD, p. 7. Cal. Penal Code § 3041(b) sets forth that a
18 release date will not be set if the release implicates public safety; under CAL. CODE REGS. tit.xv,
19 §2403, "[t]he panel shall set a base term for each life prisoner who is found suitable for parole";
20 under CAL. CODE REGS. tit.xv, § 2402 ("[r]egardless of the length of time served, a life prisoner
21 shall be found unsuitable for parole if in the judgment of the panel the prisoner will pose an
22 unreasonable risk of danger to society if released from prison.") MTD, p. 7.

23 Opposition

24 Petitioner believes he is entitled to an evidentiary hearing and the respondent has
25 failed to support any ground for not having one. Opposition (Opp.), pp. 4, 30-33. He seeks
26 immediate release. Opp., p. 4. Petitioner also contends that he has a state-created liberty interest

1  in having his conduct credits calculated on a worksheet for determinate-sentenced, as opposed to
2  indeterminate-sentenced, prisoners. Id., at 5-6. He argues that his one-third credits should have
3  operated to reduce his 15-year prison term to 10 years in prison and three years on parole and that
4  staff has misinterpreted or misapplied the relevant state statutes, stating in part that he was not
5  sentenced, pursuant to Cal. Penal Code § 1168(b) as respondent maintains, but pursuant to Cal.
6  Penal Code § 1170. Id., at 6-22. He also contends that CDCR's administrative designation of
7  him as a "life prisoner" is an "invidious classification" and an erroneous interpretation of the
8  applicable state penal statutes, wrongly subjecting him to the jurisdiction of the parole hearing
9  board. Id., at 23-32.

Discussion

Petitioner, sentenced in 1983 to a term of 15 years to life for second degree murder (with a two-year enhancement), is simply wrong that his conduct credits should be calculated on a worksheet for determinate, as opposed to indeterminate, sentenced prisoners. As petitioner has noted (Opp., p. 13), on November 7, 1978, a general election ballot initiative was adopted into state law wherein, "the punishment for second degree murder was increased from a determinate term of five, six, or seven years to an indeterminate term of fifteen years to life." In re Dayan, 231 Cal. App. 3d 184, 187, 282 Cal. Rptr. 269 (1991). Finding that "[a] sentence of 15 years to life is by its nature an indeterminate term," the California Appellate Court has specifically ruled that:

> The punishment for indeterminate crimes cannot be determined as set forth in the determinate sentencing scheme in section 1170 et seq., and thus section 1168, subdivision (b), provides that for persons not sentenced under those provisions the court shall not fix the term or duration of the period of imprisonment." ( Id., at p. 490, 188 Cal. Rptr. 698.)

Id.

Moreover, the classification of petitioner as a "life prisoner" is also in compliance with state law:

4

> A life prisoner is administratively defined as a "prisoner serving a sentence of life with the possibility of parole" and consequently includes a prisoner sentenced to 15 years to life for a second degree murder committed on or after November 8, 1978.

In re Monigold, 139 Cal. App. 2d 485, 488 n.1, 188 Cal. Rptr. 698 (1983).[4]

Since 1978, the amended Cal. Penal Code § 190, in relevant part, has provided that inmates sentenced to 15 years to life for second degree murder are eligible to earn conduct credits toward their sentences. In re Oluwa, 207 Cal. App. 3d 439, 442, 255 Cal. Rptr. 35 (1989).

"A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). The court finds that petitioner's claim of a violation of Cal. Penal Code § 190 alleges a violation of state law only, because petitioner is challenging the interpretation and application of state law as it applies to his sentence. No party disputes that the state courts have ruled on petitioner's claims concerning the interpretation and application of state sentencing law, thus, the alleged improper application of state law is not subject to review by federal court. Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092, 3102 (1990).

This court must defer to a state court's interpretation of its own laws unless that "interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989). While petitioner urges his own interpretation of state law, this court finds that the interpretation of the at-issue state law

---

[4] Like petitioner herein, Monigold was sentenced to a 15-year to life term for second degree murder and also sentenced to a two-year enhancement for use of a firearm; the court therein noted that the enhancement term "must be served prior to commencement of the indeterminate life sentence." Monigold, supra, 139 Cal. App.3d at 487-88, 188 Cal. Rptr. 698.

by the California courts, to the extent petitioner has provided it, is neither untenable nor a subterfuge to avoid federal review. Accordingly, this claim should be dismissed on this ground.

The court makes the following observations about petitioner's claim. First, petitioner was sentenced to fifteen years to life. His maximum term is life in prison and he has not been kept in beyond the end of that term. Petitioner has apparently confused the minimum term necessary to be served before parole could be implemented at its earliest, the minimum eligible parole date (MEPD), with a determinate sentence of fifteen years. Indeed, the Board was not required to find petitioner even eligible for a parole setting within fifteen years. Petitioner could spend the rest of his life in prison without ever becoming eligible for parole.

Second, the court notes that under California law, petitioner is no longer entitled to earn credits toward his release date. In In re Dayan, 231 Cal. App. 3d 184, 282 Cal. Rptr. 269 (1991), the petitioner, serving a sentence of fifteen years to life for second degree murder, alleged that he was entitled to application of good behavior credits toward his statutory minimum term of fifteen years and toward his actual term set by the Board of Prison Terms (now Board of Parole Hearings). As petitioner's own exhibit (page 30) states in the state superior court denial of his habeas application: "Release from prison is determined only by the Board. And, no matter how long a prisoner has been confined, he will not be released until he has been found suitable for parole. Cal. Penal Code § 3041(b); CAL. CODE REGS. tit.15, § 2281(a)." Petitioner herein does not challenge a parole denial.

Cal. Penal Code § 190(a) mandates application of good behavior credits by the CDC (now CDCR) against the minimum term for second degree murder (fifteen years) imposed by statute for purposes of establishing the MEPD. Dayan, supra, at 188, 282 Cal. Rptr. at 271. However, nothing in the statute requires the Board (or CDCR) to reapply the same credits to the actual term it sets. Id., 282 Cal. Rptr. at 271. Thus, theoretically, if a prisoner were determined to be parole eligible at the earliest possible time, credits might be of some use in actually reducing the absolute minimum time to be served before release on parole. See People v.

1  Rowland, 134 Cal. App.3d 1, 13-14, 184 Cal. Rptr. 346, 352 (1982).  However, if a prisoner's

2  incarceration time passes his MEPD, and he has yet to be found *eligible for parole,* computation

3  of time credits is meaningless – he will be released if and when found eligible, and then only

4  after a computation of a release date under Board matrices.

5          As to petitioner's insistence that he is entitled to an evidentiary hearing:

> [a] habeas petitioner is entitled to an evidentiary hearing if: (1) the allegations in his petition would, if proved, entitle him to relief; and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. See, e.g., Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Jones, 114 F.3d at 1010; Smith v. McCormick, 914 F.2d 1153, 1170 (9th Cir.1990).

10  Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001).

11          In the instant case, petitioner has long passed his MEPD without any finding of

12  parole eligibility.  Nor does any party deny that petitioner has had a parole suitability hearing and

13  has been denied parole.  Petitioner's misunderstanding of the applicable law does not provide a

14  basis for the court to order an evidentiary hearing.  Pursuant to Dayan, petitioner is no longer

15  entitled to any credit reduction.  To the extent petitioner is claiming that the CDCR (or the

16  Board) has failed to award him credits, this claim is without merit and respondent's motion to

17  dismiss should be granted.

18          Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

19  dismiss, filed on December 7, 2007, be granted.

20          These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25  shall be served and filed within ten days after service of the objections.  The parties are advised

26  \\\\\

7

that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/31/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cole0850.mtd